*771 OPINION.
Sternhagen :
The taxpayer asserts that the Commissioner’s determination is erroneous for several reasons. It alleges that the present taxpayer is the successor by reorganization of the corporation which operated the business prior to 1912, and that hence the invested capital to be used as the basis of its profits tax must be the invested capital of the old corporation. It will readily be seen that the evidence will not support such a conclusion. There is nothing in the evidence except the few statements of the witness who began to operate the mill in 1912, knowing nothing about it prior to that time. It is apparently true that Hardin, the sole bondholder of the old corporation, bought the property in for $53,000 and added $19,000 in cash. The amount of stock or how it was distributed and held does not appear, except that this witness knew that the holders of $113,000 of the old stock came into the new corporation. He also said that there were some new stockholders and that some of the old stockholders dropped out. This is scarcely enough to support the contention that we should completely disregard the fact that there were two separate corporations and an intervening receivership with a public sale. It may, as a matter of fact, be true that the second corporation is different from the first only in name and legal existence, but this we can not infer.
As to depreciation, the witness testified that 5 per cent was a sufficient rate for normal production. He did not believe it to be sufficient for overtime production but was unable to estimate the extent of the increase. The Commissioner has allowed an augmentation of 50 per cent, bringing the rate to 7y2 per cent, and we can not say that this should be increased. Upon the evidence it must be approved. Some question was raised as to the value of plant in 1912. The evidence again is entirely unconvincing as to any value. The statements of the witness that someone else in 1920 had valued the property as of 1912 is of negligible weight. The appraisers themselves were not offered for examination and the basis for the alleged valuation is not disclosed. The witness’s own valuation of $35 a *772 spindle is likewise not sufficiently supported to justify its adoption. We are compelled to conclude in the state of the record that the taxpayer has failed to sustain any of its assignments of error.